ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
ANDREW MAINARDI (CABN 338085)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   andrew.mainardi@usdoj.gov

Attorneys for Defendant MERRICK GARLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG BAO P. OU-YOUNG, | Case No. |
|    Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
|    v. | |
| ALAMEDA COUNTY SHERIFF'S OFFICE, et al., | |
|    Defendants. | |

**TO:** United States District Court for the Northern District of California

Clerk, Superior Court of California        Kuang-Bao P. Ou-Young
County of Alameda        1362 Wright Avenue
Rene C. Davidson Courthouse        Sunnyvale, CA 94087
1225 Fallon Street
Oakland, CA 94612

    PLEASE TAKE NOTICE that on this day, Case No. 23CV044509, pending before the Alameda County Superior Court, is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1442(a)(1) on behalf of Federal Defendant Merrick Garland ("Garland") in his official capacity as Attorney General of the United States.

    The grounds for removal are as follows:

    1.    On October 25, 2023, Plaintiff Kuang-Bao P. Ou-Young filed a document titled "First

Amended Complaint" ("Complaint"), attached hereto as **Exhibit 1.** The Complaint purports to bring 97 claims against over 300 defendants, including over 200 Federal Defendants. These Federal Defendants include current and former presidents, vice-presidents, United States senators and representatives, appellate, district court, and magistrate judges, and other federal legislative, judicial, and executive officials and employees.

2.  Plaintiff's Complaint includes sixteen causes of action against Garland asserting that certain federal statutes are facially unconstitutional. Complaint at 36-42. He seeks a declaratory judgment that these statutes, 28 U.S.C. §§ 351-364, are unconstitutional. *Id.* at 70. Plaintiff also alleges, *inter alia*, that Federal Defendants "conspired" or "collaborated" to deprive him of various constitutional or civil rights in connection with the defense, adjudication, and handling of various lawsuits that Plaintiff filed or in which he sought to intervene between 2012 and 2023 and other official acts.

3.  Garland has not been properly served with the First Amended Complaint in this action pursuant to Cal. Code Civ. Proc.§ 415.10 *et seq.* Under 28 U.S.C. § 1446, Garland need not "wait until formal service is complete to remove an action to federal court." *Manor v. United of Omaha Life Ins. Co.*, No. 19-cv-02360-RS, 2019 WL 3413386, at *2 (N.D. Cal. July 29, 2019).

4.  This action is removable to federal district court under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), because Plaintiff is suing Garland, an officer of the United States, in his official capacity, "for or relating to any act under color of such office."

5.  The Federal Officer Removal Statute is broadly construed to favor removal in the case of actions against federal officers. *Durham v. Lockheed*, 445 F.3d 1247, 1251 (9th Cir. 2006). A broad interpretation furthers one of the key purposes of the statute: to allow federal officers to litigate in federal court colorable defenses arising out of their duty to enforce federal law. *See Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). To qualify for removal under 28 U.S.C. § 1442(a), a federal defendant must "raise a colorable federal defense" and "establish that the suit is '*for* a[n] act under color of office.'" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (emphasis in original). Courts do not require "an airtight case on the merits" to show either the required causal connection or the colorable federal defense but instead credit the judicial officer's "theory of the case for purposes of both elements of [the] jurisdictional inquiry." *Id.* at 432.

6. This action meets the test for removal set forth in *Jefferson County*. Garland is sued in his capacity as Attorney General; Plaintiff's first sixteen claims seek to hold Garland responsible under an apparent theory that Garland administers federal statutes that Plaintiff claims are unconstitutional. This alleged conduct relates to Garland's official authority as Attorney General. Second, Garland raises a colorable federal defense to these purported claims: among other defenses, he asserts that the cited federal statutes do not violate the U.S. Constitution. This assertion is both "defensive" and "based in federal law." *Mesa v. California,* 489 U.S. 121, 129-30 (1989).

7. A copy of this Notice of Removal of Civil Action is being served on all adverse parties and filed with the Clerk of the Superior Court for the County of Alameda. This filing will automatically effect the removal of this action in its entirety to this Court pursuant to 28 U.S.C. § 1446(d).

Dated:  December 22, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

   */s/ Andrew S. Mainardi*
ANDREW S. MAINARDI
Assistant United States Attorney

Attorneys for Defendant MERRICK GARLAND